UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BEAU DERISE                                CIVIL ACTION NO. 5:22-0381

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

MUSEO FERRARI MARANELLO                    MAGISTRATE JUDGE HORNSBY

**ORDER**

Before the Court is a miscellaneous filing by pro se Plaintiff ("Plaintiff") Beau Derise. See Record Document 5. The Clerk of Court has construed the filing as a Motion to Reconsider this Court's April 4, 2022 Order (Record Document 4), which provided:

> **IT IS ORDERED** that the Complaint (Doc. No. 1) filed on February 2, 2022, by Plaintiff be and is hereby **STRICKEN** from the record and this case **CLOSED**.
>
> **IT IS FURTHER ORDERED** that the Motion for Leave to Proceed In Forma Pauperis (Doc. No. 2) filed by Plaintiff on February 2, 2022, be and is hereby **DENIED** as moot.
>
> **IT IS FURTHER ORDERED** that Plaintiff continue to seek permission from the Chief Judge before filing any civil complaint and he is further warned that filing additional frivolous lawsuits such as the current one and the many he filed previously shall result in monetary sanctions being imposed on him.

Id. at 4-5. In its April 4, 2022 Order, the Court held that Plaintiff's claims against Defendant Museo Ferrari Maranellow, a corporation based in Italy, were "fanciful, wholly incredible and clearly baseless." Id. at 14. The Court further reasoned that any attempt to amend the complaint would be futile. See id. at 14-15.

Now, in his Motion for Reconsideration, Plaintiff references "missing suppeanos" [sic] and missing paperwork. Record Document 5 at 1. He seeks "to appeal the sanction in these courts and . . . its cases that I have in it." Id. Plaintiff is subject to a pre-filing injunction requiring authorization from the chief judge of the district before any complaint may be filed, transferred, or removed into this Court. See Derise v. U.S. District Court, Case No. 6:21-cv-3669, Record Document 9. This injunction was issued after Plaintiff was ordered to show cause at a hearing on December 27, 2021, why he should not be so enjoined. He failed to appear at the show cause hearing. He now refers to missing subpoenas and paperwork, but still does not explain his failure to appear at the show cause hearing.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Missing subpoenas and paperwork, without more, do not support the application of such an extraordinary remedy. Based on the showing made in his motion, Plaintiff has failed to justify reconsideration.[1]

Accordingly,

---

[1] As previously held by this Court in a recent order entered in Beau Derise v. John M. Shaw Courthouse, Case No. 22-0379, Record Document 8, "if Plaintiff seeks an opportunity to change his status as a sanctioned/barred litigant in this district, the proper means of doing so is to file a motion under Federal Rule of Civil Procedure 60(b)(5) requesting modification of the order which placed him on the sanctioned/barred litigants list, under Civil Action No. 6:21-cv-3669 of the Lafayette Division of this Court. See Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 190–91 (5th Cir. 2008). He must be prepared to show the Court that continuing to enforce the injunction against him is no longer equitable."

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 5) be and is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of May, 2022.

*[Signature]*

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT